IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHEVONNE TINGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-58 (MN) |
| | ) |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Chevonne Tingle- Pro Se Plaintiff

James H.S. Levine, Tyler R. Wilson, TROUTMAN PEPPER LOCKE LLP, Wilmington, DE – Attorneys for Experian Information Solutions, Inc.

Blake A. Bennett, COOCH AND TAYLOR, P.A., Wilmington, DE – Attorneys for Transunion LLC

Karen M. Grivner, CLARK HILL PLC, Wilmington, DE – Attorneys for Equifax Information Services LLC

September 5, 2025
Wilmington, Delaware

**NOREIKA, U.S. District Judge**

On November 15, 2024, Plaintiff Chevonne Tingle, initiated this action in the Superior Court of the State of Delaware with filing a complaint pro se, alleging violations of the Fair Credit Reporting Act (FCRA) by Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services LLC ("Equifax") (collectively, "Defendants"). (D.I. 1-1). On January 14, 2025, Defendant Equifax removed the case to this Court. (D.I. 1). Presently before the Court is a joint motion to dismiss the complaint filed by Defendants. (D.I. 13). Also pending is a motion "to deny transfer to the United States District Court of Delaware" filed by Plaintiff, which this Court construes as a motion to remand this case to the Superior Court. (D.I. 15). Plaintiff has also filed a Notice of Supplemental Authority / New Facts (D.I. 23). This Court will grant Defendants' motion to dismiss and deny Plaintiff's motion to remand.

**I.   BACKGROUND**

According to the complaint, from September 11, 2022, through November 15, 2024, or later, "Plaintiff has requested Validation of specific debts reported on her credit report," but "Defendants have failed to properly validate the debts as required under the FCRA." (D.I. 1-1 at 4). Additionally, "Defendant have and continue to report inaccuracies on Plaintiff's Credit report," involving "accounts from Ally Financial, Capital One, JPMCB, Fetti, Navy Federal, Discover, American Express, Wayfair, Lending Club, EDfinancial, AES/PHEAA, Credit One Bank, and Apple Inc.," "which has significantly impacted [Plaintiff's] ability to qualify for a mortgage." (*Id.*). Furthermore, "Defendants have made many unlawful credit pulls without the Plaintiff[']s consent," and "[a]llowed JPMCB to pull Plaintiff's consumer report everyday for three months without [Plaintiff's] permission." (*Id.* at 4-5). "As a direct result of [D]efendants' actions, Plaintiff has incurred financial losses exceeding $40,000 annually for the past three years and has

been forced to continue renting an apartment instead of owning a home." (*Id.* at 5). The complaint offers no additional factual information to support the alleged FCRA violations by Defendants. Based on the foregoing, Plaintiff seeks various forms of relief including $120,000 in compensatory damages, "[a]n order for the complete removal of all inaccuracies from the Plaintiff's Consumer Report," and "[i]njunctive relief requiring Defendants to cease reporting inaccuracies and to ensure compliance with the FCRA requirements." (*Id.*).

## II.  LEGAL STANDARDS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.  DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, a complaint need not include "detailed factual allegations," *Twombly*, 550 U.S. at 555, or a "[p]erfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).  Nevertheless, a complaint "must do more than simply provide labels and conclusions or a formulaic recitation of the elements of a cause of action" to prevail at this stage of the case.  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).

The statement of facts included in Plaintiff's complaint (D.I. 1-1) is woefully deficient and fails to support the FCRA violations alleged therein.  Plaintiff's complaint does not include sufficiently specific facts for its allegations to amount to more than mere labels and conclusions, and this Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Without additional supporting facts, this Court does not credit the complaint's FCRA violation allegations, and dismissal is warranted for failure to state a claim.

Dismissal will be without prejudice, and Plaintiff will be granted one opportunity to amend the complaint and cure its deficiencies.  Furthermore, this Court will deny Plaintiff's motion to remand this case to the Delaware Superior Court.  (D.I. 15).  Plaintiff's complaint presents a federal question and Defendants' removal was proper.  (D.I. 1, 1-1).  As such, Plaintiff's motion to remand warrants denial for lack of cause shown.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' Motion to Dismiss and deny Plaintiff's motion to remand case to the Delaware Superior Court.

An appropriate order will be entered.