## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHEVONNE TINGLE,                           )
                                          )
                                          )
              Plaintiff,                   )
                                          )
        v.                                )        Civil Action No. 25-58-MN-SRF
                                          )
EXPERIAN INFORMATION SOLUTIONS,)
INC., et al.,                             )
              Defendants.                  )

## REPORT AND RECOMMENDATION

Presently before the court in this *pro se* civil action alleging violations of the Fair Credit Reporting Act (FCRA) by Defendants Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and Equifax Information Services LLC ("Equifax") (collectively, "Defendants") is Defendants' joint Motion to Dismiss Plaintiff's Second [*sic*][1] Amended Complaint for Failure to State a Claim  (D.I. 29)[2] and Plaintiff's Motion for Leave to File a Third [*sic*] Amended Complaint.[3]  (D.I. 31)  For the reasons that follow, the court recommends GRANTING Defendants' Joint Motion to Dismiss and DENYING with prejudice Plaintiff's Petition for Leave to File a Third Amended Complaint.

---

[1] Plaintiff refers to her first attempt to amend as the "Second Amended Complaint" and her second attempt to amend as the "Third Amended Complaint."

[2] The briefings and filings associated with the Motion to Dismiss for Failure to State a Claim can be found at D.I. 29 and D.I. 30.

[3] The briefings and filings associated with the Petition for Leave to File Third Amended Complaint can be found at D.I. 31 and D.I. 32.

1

## I.    BACKGROUND

On November 15, 2024, Plaintiff Chevonne Tingle, initiated this action in the Superior Court of the State of Delaware by filing a complaint *pro se,* alleging violations of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), by Defendants Experian, Trans Union and Equifax.  (D.I. 1-1) On January 14, 2025, Defendant Equifax removed the case to this court. (D.I. 1) On September 5, 2025, Judge Noreika dismissed the original complaint without prejudice for failure to state facially plausible claims and granted Plaintiff leave to file an amended complaint. (D.I. 25)  On October 27, 2025, Plaintiff filed the Second Amended Complaint ("SAC")  (D.I. 28),  and Defendants subsequently filed a Joint Motion to Dismiss for Failure to State a Claim. (D.I. 29)  In lieu of an answering brief in opposition to Defendants' motion, Plaintiff filed a motion for leave to file a Third Amended Complaint ("TAC").  (D.I. 31)  Defendants filed an answering brief in opposition.  (D.I. 32)

According to the SAC, Plaintiff alleges Defendants failed to: (1) "conduct reasonable investigations;" (2) "furnish accurate and complete information;" (3) cease reporting accounts that do not belong to [Plaintiff]; and (4) "properly respond to repeated validation requests spanning over three years." The SAC contains supporting exhibits, some of which appear to have been created by Plaintiff and a "mortgage denial letter" noting Plaintiff's credit score. (D.I. 28 at Ex. A-E)

The proposed TAC essentially repeats the same allegations from the SAC and adds claims against each Defendant, separately.  (D.I. 28 at 1; D.I. 31-1 at 4-5)  The TAC includes the same exhibits as in the SAC and adds statutory citations to the sections of the FCRA that Defendants allegedly violated.  (D.I. 28 at Ex. A-E; D.I. 31-1 at 1, Ex. A-E)  Plaintiff claims, throughout all versions of her pleadings, that she was denied a $450,000 mortgage loan, incurred in excess of

$55,000 in housing costs "due to inability to relocate," and suffered reputational and emotional distress. (D.I. 28 at 1; D.I. 31-1 at ¶ 18-20)

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.    LEGAL STANDARD

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so

3

requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Amendment may be denied, however, if it would be "futile." Futility is established if the complaint, as amended, "would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983); *see also Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001); *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). The futility analysis, then, is commonly indistinguishable from the analysis under Fed. R. Civ. P. 12(b)(6). *See Adams*, 739 F.2d at 864-865.

## III.    DISCUSSION

### A. Defendants' Joint Motion to Dismiss the SAC

Defendants move to dismiss Plaintiff's SAC on the basis that the SAC fails to state any facts supporting alleged inaccuracies in Plaintiff's consumer reports and their unauthorized release to third parties. (D.I. 30 at 1-2) Moreover, Plaintiff fails to allege claims against each Defendant, separately. (*Id.* at 5) Plaintiff did not file a brief in opposition to the motion and, instead, moves for leave to file a TAC. (D.I. 31) In general, the law would treat failure to oppose as a concession but in *pro se* cases the Third Circuit has held that "dismissal of [Plaintiff's] claim[] as 'unopposed,' without any analysis under Federal Rule of Civil Procedure 12(b)(6), was 'a sanction[.]'" *Xenos v. Hawbecker*, 441 F. App'x 128, 131 (3d Cir. 2011) (citing *Stackhouse v.*

4

*Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir.1991)) Furthermore, the Third Circuit "suggested that such a sanction should not be invoked lightly when the plaintiff is [a] *pro se* [litigant]." *Id.* Therefore, the court considers whether the proposed amended pleading cures the deficiencies in her original complaint.

In Judge Noreika's prior opinion dismissing the original complaint, the court ruled that "Plaintiff's complaint [did] not include sufficiently specific facts for its allegations to amount to more than mere labels and conclusions, and this Court is 'not required to credit bald assertions or legal conclusions improperly alleged in the complaint.'" (D.I. 24 at 3) (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002)).

The SAC fails to correct the pleading deficiency because it lacks sufficiently specific facts identifying which accounts are inaccurate and what information, if any, is allegedly inaccurate. The SAC contains fewer factual allegations than in the original complaint. According to the SAC, since 2022, Defendants "failed to investigate or correct disputed [credit] information[,] continued unauthorized use of Plaintiff's credit report [and] failed to provide such documentation [of disputed accounts] within the 30-day statutory window under the FCRA[.]" (D.I. 28 at 1) Additionally, "Defendants have and continue to report inaccurate, misleading, and unverified information to third parties." (*Id.*) These are vague and conclusory allegations which repeat the same allegations that Judge Noreika found deficient, warranting dismissal of the original complaint. (D.I. 1 at Ex. A, D.I. 24 at 3, D.I. 28 at 1)

Instead of pleading specific facts within the SAC, Plaintiff attaches five exhibits. Exhibit A is a chart purporting to summarize nationwide reports of data breaches involving Defendants. (D.I. 28-4 at Ex. A) Exhibit B is described as a mortgage denial letter reciting Plaintiff's credit score. (D.I. 28-5 at Ex. B) Exhibit C is a chronological log of complaints Plaintiff allegedly submitted

5

to Defendants regarding inaccurate credit reporting or improper use of her credit information. (D.I. 28-6 at Ex. C)  However, the log does not identify what information was allegedly inaccurate or how Defendants purportedly misused Plaintiff's credit report.  (*Id.*)  Exhibit D consists of a log of disputed accounts, but Plaintiff does not attribute those disputes to any specific Defendant or explain the nature of the disputes.  (D.I. 28-7 at Ex. D)  Finally, Exhibit E lists dates of alleged unauthorized credit inquiries, however, it provides no context regarding the inquiries and does not connect the dates to any Defendant.  (D.I. 28-8 at Ex. E)  These exhibits, individually and collectively, do not supply the factual content which is necessary for Plaintiff's allegations to survive Defendants' Joint Motion to Dismiss for Failure to State a Claim.  (*Id.* at Exs. A–E; D.I. 31 at Exs. A-E)

The SAC has not remedied the pleading deficiencies in the original Complaint  (D.I. 1) because Plaintiff does not allege what information is inaccurate, how it was inaccurate, or why Defendants should be liable for any acts or omissions connected to the inaccuracies.  (D.I. 30 at 4-5)  Therefore, the court recommends granting Defendants' Joint Motion to Dismiss the Amended Complaint.  (D.I. 29)

## B. Plaintiff's Proposed TAC

Plaintiff seeks leave of court for another opportunity to correct the deficiencies in her two previous complaints. Plaintiff's TAC alleges that Defendants failed to: (1) "conduct reasonable reinvestigations;" (2) "delete unauthorized inquiries;" (3) "remove inaccurate tradelines;" (4) provide validation for disputed accounts;" and (5) "cease furnishing data without a permissible purpose." (D.I. 31-1 at ¶8) The TAC carves out "Defendant-Specific Misconduct," however, all Plaintiff does is list more unsupported vague conclusions. For example, Plaintiff pleads: (1) "Experian published over 60 unauthorized hard inquiries (Exhibit E) without a permissible

purpose, violating 15 U.S.C. § 1681b;" (2) "Equifax repeatedly 'verified' obviously incorrect information without a real investigation, violating § 1681i(a)(1)(A);" and (3) "TransUnion permitted multiple hard inquiries without verifying Plaintiff's authorization, violating § 1681b." (D.I. 31-1 at 4-5) None of the allegations against each Defendant, separately, pleads any facts supporting such claims. Simply creating lists of unexplained disputes with each Defendant is inadequate to satisfy the plausible pleading standard of Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges only bare conclusions that Defendants violated several provisions of the FCRA, as follows:

> Count I – 15 U.S.C. § 1681i
> Failure to Conduct Reasonable Reinvestigation
> Against: All Defendants
>
> Count II – 15 U.S.C. § 1681e(b)
> Failure to Ensure Maximum Possible Accuracy
> Against: All Defendants
>
> Count III – 15 U.S.C. § 1681(b)
> Unauthorized Access to Credit Reports
> Against: Experian and Transunion
>
> Count IV – 15 U.S.C. §§ 1681n, 1681o
> Willful and/or Negligent Noncompliance
> Against: All Defendants

(D.I. 31-1 at 5) Listing statutory provisions does not amount to pleading facially plausible claims.

Defendants oppose any further amendment contending "like each prior complaint, [the TAC] fails to allege what information Defendants allegedly inaccurately reported and fails to allege an actionable permissible purpose claim regarding Defendants' preparation of consumer reports to third parties." (D.I. 32 at 1)

Plaintiff submitted a "Statement and Notice of Supplemental Evidence of Damages" on April 1, 2026, which states that Plaintiff "submits [the] additional evidence for the Court's

consideration in connection with Defendants pending Motion to Dismiss and Plaintiff's Petition for Leave to File Third Amended Complaint." (D.I. 34 at 2)  The court treats the filing as her reply brief in support of her Motion for leave to file the TAC.  (D.I. 31)  The supplemental evidence consists of a letter from Rocket Mortgage denying Plaintiff's mortgage loan application based on an adverse credit history and an overview of Plaintiff's credit report generated by Defendant Experian.   (D.I. 34 at Ex. F-G)  The supplemental exhibits do not provide specific facts of alleged wrongdoing in support of Plaintiff's claims that Defendants violated the FCRA.

To state a claim under the FCRA for failure to follow reasonable procedures or conduct a reasonable reinvestigation as required by 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff needs to plausibly allege that Plaintiff's credit reports contained inaccurate information. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 344–45 (3d Cir. 2022) ("[A] plaintiff must show an inaccuracy to proceed under either § 1681e(b) or § 1681i(a) ....")  Plaintiff's TAC alleges in a conclusory fashion Defendants have verified "obviously incorrect information" and have provided Plaintiff with "no evidence of an actual reinvestigation." (D.I. 31-1 at ¶¶ 13, 15)  Neither the complaint or associated exhibits plead what accounts were inaccurate, how they were inaccurate, or any facts explaining what reinvestigation Defendants failed to conduct.[4] Accordingly, Plaintiff's allegations are insufficient to state a claim under 15 U.S.C. § 1681e(b) or 1681i.

Section 1681b of the FCRA sets forth permissible purposes for which a consumer reporting agency ("CRA") may prepare a consumer report. *See* 15 U.S.C. § 1681b. The CRA may prepare a consumer report "in accordance with the written instructions of the consumer to whom it relates," but the consumer's consent is generally not required. *Id.*, at § 1681b(a)(2); *see also, e.g.*

---

[4]The exhibits attached to the TAC are identical to those submitted with the SAC. As the court has noted in the previous section with respect to the SAC, *supra*, exhibits A-E do not support Plaintiff's allegations or establish any basis for FCRA violations against Defendants. (D.I. 28 at Ex. A-E; D.I. 31 at Ex. A-E)

*Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011). Plaintiff's allegations of Defendants' unauthorized preparation of consumer reports for third parties fails to state a claim for relief as the allegations lack any facts in support of what inquiries were unauthorized. (D.I. 31-1 at 4-5)  The FCRA does not require Defendants to verify Plaintiff's authorization and Plaintiff cites no legal authority holding otherwise. See 15 U.S.C. § 1681b; *see also Ware v. Navy Fed. Credit Union*, No. CV 25-339 (MN), 2026 WL 733675, at *2 (D. Del. Mar. 16, 2026).

Plaintiff alleges without more that Defendants "retained unauthorized inquiries." (D.I. 31-1 at ¶ 14)  For the reasons stated in section A, *supra*, the associated exhibits do not cure the defects in Plaintiff's pleading. (D.I. 31 at Ex. A-E)  Exhibit C is identified as the "CFPB Complaint Log" which lists complaints by date and Defendant but lacks any description of information that Plaintiff contends is inaccurate. Exhibit D, labeled "Disputed Account Log," lists "Creditors/Furnishers" who Plaintiff claims received her unauthorized credit reports, but provides no factual details concerning the disputes or their connection to any Defendant. Exhibit E contains nothing more than a list of dates between 2021-2025, under the heading "Unauthorized Credit Inquiry Log." Thus, Plaintiff pleads no cause of action for violation of the "permissible purpose" provision, 15 U.S.C. § 1681(b).[5]

Finally, sections 1681n and 1681o of the FCRA permit an individual to bring a private suit for damages against a CRA who willfully or negligently fails to comply with specific duties it

---

[5] Section 1681b permits a CRA to furnish a consumer report with the consumer's written consent or, without consent, for certain "permissible purposes," including: (A) for using the information in connection with a credit transaction involving the consumer, including "extension of credit" or "review/collection of an account;" (B) "for employment purposes;" (C) for "the underwriting of insurance involving the consumer;" (D) for determining eligibility "for a license" or " benefit granted by a governmental instrumentality;" (E) "as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit;" or (F) "legitimate business need for the information." 15 U.S.C. § 1681b(a)(3)(A–F); *see generally Huertas,* 641 F.3d at 34.

owes to consumers under the FCRA. *See* 15 U.S.C. §§ 1681n, 1681o; *see also Seamans v. Temple Univ.*, 744 F.3d 853, 859-60 (3d Cir. 2014). To prevail under these sections, Plaintiff must establish that Defendants failed to comply with requirements imposed by the FCRA, either negligently or willfully. *See Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241 (3d Cir. 2012); *see also Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 n.16 (3d Cir. 2022). For the reasons previously discussed, Plaintiff's allegations fall short of facially plausible claims and amount to nothing more than labels and conclusory allegations. Plaintiff's allegations of willful and/or negligent noncompliance are legal conclusions without any factual support. *See Seamans*, 744 F.3d at 868 (noting a company is subject to the FCRA when "that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.") Accordingly, Plaintiff fails to state a plausible claim under 15 U.S.C. § § 1681n and 1681o.

Without additional factual support, the court does not credit Plaintiff's conclusory allegations of FCRA violations and recommends denying the proposed TAC and denying any further amendment as futile. *See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)* (emphasizing "[l]eave to amend may be denied, however, if amendment would be futile.") Judge Noreika expressly cautioned Plaintiff that her original complaint did not "offer [] additional factual information to support the alleged FCRA violations by Defendants" outside of "mere labels and conclusions." (D.I. 24 at 2-3) Despite that guidance, Plaintiff failed to cure those deficiencies. In both the SAC and TAC, Plaintiff continues to assert the same conclusory allegations without supporting them with any facts. Furthermore, Judge Noreika "granted [Plaintiff] one opportunity to amend the complaint and cure its deficiencies." Here, Plaintiff took two opportunities to attempt to correct the deficiencies in her pleading but failed to do so.

10

Accordingly, I recommend that the court deny Plaintiff's Motion for Leave to File a Third Amended Complaint with prejudice. (D.I. 31)

## C. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1.     The Report and Recommendation issued on June __, 2026 is **ADOPTED**.

2.     Defendants' Joint Motion to Dismiss the Second Amended Complaint (D.I. 28) is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 29)

3.     Plaintiff's Petition for Leave to File a Third Amended Complaint (D.I. 31) is **DENIED** with prejudice as amendment is futile pursuant to Fed. R. Civ. P. 15(a).

4.     The Clerk of Court is directed to **CLOSE** the case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be    limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See  Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

11

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: June 23 , 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE